(No. 26384.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* STANLEY WISE, Plaintiff in Error.

*Opinion filed January 20, 1942.*

CHARLES A. BELLOWS, (J. W. BELLOWS, of counsel,) for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, (EDWARD E. WILSON, JOHN T. GALLAGHER, and MELVIN S. REMBE, of counsel,) for the People.

Mr. JUSTICE GUNN delivered the opinion of the court:

Plaintiff in error, Stanley Wise, was tried in the criminal court of Cook county before a judge without a jury for the crime of burglary and larceny. He was found guilty and sentenced to the penitentiary and prosecutes a writ of error to this court.

Between the hours of 1:20 and 5:50 A. M., April 5, 1941, the tavern of Frank Zajewsky was entered and bottled whiskey, cigarettes and money stolen, of the total value of $400. The goods were found in the garage of plaintiff in error. Wise was arrested the same morning in company with one Frank Ryba, who was jointly indicted for the crime. Ryba testified he accompanied defendant when the burglary was committed by entering the premises of Zajewsky through a trapdoor. Plaintiff in error denies he had any part in the crime, and attempted to prove an alibi.

Plaintiff in error claims the evidence was insufficient to prove him guilty beyond a reasonable doubt. The testimony of Ryba, together with the finding of the stolen goods upon the premises of the plaintiff in error, and apprehend-

ing him in a hotel bedroom the next morning with Ryba, who admitted complicity in the crime, compels us to reject this claim. The trial court was in a better position than are we to determine the weight of the testimony, and there was sufficient evidence, if believed, to prove plaintiff in error guilty beyond a reasonable doubt.

The alibi offered by plaintiff in error is incomplete. He admits he was in company with Ryba from 4:00 A. M. to 9:50 A. M., when they together went to the hotel room where they were arrested. He says they were going from tavern to tavern drinking and entertaining, and that about 6:00 A. M. he was at his home with Ryba, but because his wife "bawled him out" they left, resumed their rounds of the taverns and later went to the hotel. The principal alibi witnesses are his wife and stepson. The wife says he stayed at the tavern and did not leave until about 4:00 A. M. The stepson did not see him at all between 12:25 and 7:30 A. M. Ryba fixes the time of the burglary after 1:00 o'clock A. M. and before morning, but was unable to state the exact time. The owner of the tavern fixes the time of the burglary as between 1:00 A. M., when he closed, and 5:50 A. M., when he opened. The goods stolen consisted of some twenty-eight bottles of liquor and several cartons of cigarettes, which would constitute a rather large quantity of goods for one man to carry, upon the assumption that Ryba was the sole burglar. Plaintiff in error used his automobile in driving from tavern to tavern, and according to the testimony of Ryba, to transport the liquor and cigarettes to the garage. When an alibi is offered as defense, if the evidence does not cover the entire period during which the crime was committed, it does not create a reasonable doubt of guilt otherwise established. *People* v. *Mitchell,* 368 Ill. 399; *People* v. *Gasior,* 359 id. 517.

It is contended by plaintiff in error that prejudicial error was committed in the admission of testimony. In one instance a police officer was permitted to testify to a

statement of Ryba, describing the burglary in the presence of plaintiff in error, but which the latter denied; and, also, in relating a conversation with the wife of plaintiff in error concerning the time the latter left the tavern. There was no objection made during the trial to the admission of this testimony.

It is also contended that error was committed in permitting Zajewsky to testify, in rebuttal, to a conversation with the wife of plaintiff in error offering to make restitution for the goods stolen. It is claimed this conversation was out of the presence of plaintiff in error. The record is not very clear upon this proposition, as the witness testified through an interpreter, but the record does show that this witness testified the husband was with her when the alleged conversation took place. However, no objection or exception was taken during the trial to the admission of this testimony. The rule is well settled that a reviewing court will not entertain or consider points not preserved for review in the trial court. (*People* v. *Francis,* 356 Ill. 74; *People* v. *Cassidy,* 283 id. 398.) It is also claimed these points were not saved for review because of the incompetence of counsel who tried the case for plaintiff in error. It is not altogether clear from the record that such counsel did not intentionally pursue the course adopted by him, not only because the case was tried without a jury, but from his manner of cross-examination concerning the matters now objected to. Whatever the facts may be, generally speaking incompetence of counsel cannot be urged where he has been chosen by the plaintiff in error. (*People* v. *Dean,* 308 Ill. 74; *People* v. *Zwienczak,* 338 id. 237.) Something more than mere failure to object to certain types of testimony is necessary to show incompetence of counsel.

We do not believe the question of incompetence of counsel is properly before the court. There was no assignment of errors raising this point. The present counsel ap-

peared in the case after the judge had sentenced plaintiff in error, but was permitted to have the opportunity of taking up a motion for new trial. A week later a motion for new trial was prepared by counsel now representing plaintiff in error, and it did not contain any assignment that counsel representing plaintiff in error during the trial was incompetent or had not properly presented his defense. When the motion for a new trial was made it should have set out the incompetency of counsel if it was intended to be relied upon as error. The trial court was given no opportunity to decide that question. The point is not saved for review.

Plaintiff in error has urged other points which have been carefully considered, but which we do not deem necessary to discuss at length.

We are of the opinion the judgment of the criminal court of Cook county was correct, and it is, accordingly, affirmed.

*Judgment affirmed.*